**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AMANDA BAIN and ROBERT**
**CANTWELL,**

                **Plaintiffs,**          **1:06-CV-0075**
                                    **(GLS/DRH)**

        **v.**

**TOWN OF ARGYLE and ANDREW**
**WILLIAMSON individually and in**
**his official capacity,**

                **Defendants.**
_____

**APPEARANCES:**               **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

HARDING LAW FIRM         CHARLES R. HARDING, ESQ.
1343 Balltown Road
Niskayuna, New York 12309

**FOR THE DEFENDANTS:**

MURPHY, BURNS LAW FIRM     PETER BARBER, ESQ.
4 Atrium Drive
Executive Woods
Albany, New York 12205

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs, Amanda Bain and Robert Cantwell (Bain), filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated their due process rights when they revoked a building permit. Pending is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Dkt. No. 8.*  The defendants claim that misapplication of a zoning law cannot form the basis for a due process violation and that plaintiffs have failed to exhaust their administrative remedies.  For the reasons that follow, the motion is denied.

### II. Procedural History

On January 19, 2006, Bain filed a complaint pursuant to 42 U.S.C. § 1983.  *See Compl. ¶40; Dkt. No. 1.*  On March 21, defendants filed their motion to dismiss, and a response and reply followed.  *See Dkt. Nos. 8, 14, 15, 16, 20.*

### III. Facts

On May 25, 2005, Amanda Bain and Robert Cantwell (Bain) purchased property in the Town of Argyle intending to replace two

preexisting mobile homes with new ones.  *See Compl. ¶11; Dkt. No. 1.*
Prior to the purchase, Town Supervisor, Andrew Williamson, informed Bain
that her plan to replace the older homes would be permissible as a
preexisting, non-conforming use under the local law.[1]  *See id. at ¶¶12,13.*
After the sale, Bain completed her building permit application which stated
that the proposed construction sought to "demolish and dispose of existing
mobile homes and replace with two newer mobile homes."  *See id. at ¶18.*
As a prerequisite to the approval of the building permit, Williamson issued a
certificate of compliance, stating that the proposed construction was valid
under the local laws.  *See id. at ¶19.*

In July, Bain's application for a building permit was approved upon
the condition that she obtain further approval for septic and foundation
requirements.  *See id. at ¶21.*  In August, Bain received approval for the
septic and foundation plans and was issued a second building permit.  *See
id. at ¶22.*  From August to November, Bain made improvements to the

---

[1]Section IV of the relevant local law provides: 1) "no mobile home shall hereafter be
placed...outside of a licensed mobile home park, except [when it]...constitutes a preexisting
non-conforming use, in accordance with Section VI herein."  *Town of Argyle Local Law No. 1 §
IV (2003); Dkt. No. 8, Ex. 4.*  Section VI provides that "[a]ll mobile homes...lawfully existing at
the date of the adoption of this local law shall be permitted to remain as preexisting non-
conforming uses."  *Id. § VI(1).*  Further, "[n]o more than one (1) mobile home...may occupy a
lot, except for mobile homes...sited by special permit or located in a mobile home park."  *Id. at
§ VIII(4).*

property and incurred substantial expenses in reliance on the issued

permits. *See id. at ¶23.* On November 9, Williamson notified Bain that the

Town was withdrawing its certificate of compliance, which, in effect,

revoked her previously issued building permits. *See id. at ¶24.* The written

revocation directed Bain to immediately cease work on the premises. *See*

*id.* Bain alleges that the Williamson illegally revoked the certificate for

purely political reasons after complaints were received from Argyle

residents. *See id. at ¶30.*

## IV. **Discussion**

### A. **Motion to Dismiss Standard**

Rule 12(b)(6) provides that a cause of action shall be dismissed if a

complaint fails "to state a claim upon which relief can be granted." F̲ED̲. R̲.

C̲IV̲. P̲. 12(b)(6). In other words, the court should dismiss the complaint

pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can

prove no set of facts in support of the complaint which would entitle him to

relief." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal

quotation marks and citation omitted). "A court's task in ruling on a Rule

12(b)(6) motion is merely to assess the legal feasibility of the complaint, not

to assay the weight of the evidence which might be offered in support

4

thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

**B.   Failure to State a Claim under § 1983**

Defendants argue that the complaint fails to state a claim under § 1983, specifically contending that a misapplication of zoning law is insufficient to establish a due process violation.

At this juncture, the court must consider whether the allegations in the complaint sufficiently state a claim under § 1983.  Under § 1983, "a municipality may not be held liable...for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior*." *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995) (citing *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691 (1978)).  To plead a claim for such an action the plaintiff must allege an official policy or custom that subjected plaintiff to a denial of a constitutional right.  *See Zahara,* 48 F.3d at 685.  Further, "a municipal

policy may be inferred from the informal acts or omissions of supervisory municipal officials[.]"  *Id.*

Here, Bain is not challenging the misapplication of a zoning law. Instead, she asserts that Argyle had a policy that allowed its Town supervisor, Williamson, to illegally revoke certificates of compliance, and thus building permits, without due process of law.  As to a due process violation, the plaintiff must prove: (1) she possessed a protected property interest as defined by state law; (2) she was deprived of that interest under color of law; and (3) this deprivation occurred without due process of law. *See Norton v. Town of Islip*, 239 F. Supp. 2d 264, 269 (E.D.N.Y. 2003). Viewing the facts in the light most favorable to Bain, the requirements for a § 1983 action alleging a due process violation are sufficiently plead. Accordingly, defendants' motion to dismiss is denied.

## C.   **Exhaustion**

Defendants also argue that Bain's constitutional claims are not ripe for review due to her failure to exhaust local and state remedies.

The Second Circuit has held: "[i]n the area of land use, the doctrine of ripeness is intended to avoid premature adjudication of administrative action."  *Sunrise Dev., Inc. v. Town of Huntington*, 62 F. Supp. 2d 762, 770

(E.D.N.Y. 1999) (internal quotation marks and citation omitted).  "Whether a matter is ripe for adjudication is a question of law."  *Sunrise Dev.*, 62 F. Supp. 2d at 770.  "The Supreme Court has stated that two factors must be considered in determining whether there is a ripe controversy: the 'fitness of the issues...and the hardship to the parties of withholding court consideration."  *Id.* (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967)).  "The fitness factor requires a finding that the initial decisionmaker [sic] has arrived at a definitive position on the issue that inflicts an actual, concrete injury,...that is, the adverse administrative action must be final."  *See id.*

Here, the defendants argue that Bain is required to seek further administrative review before bringing a claim in federal court.  Specifically, the defendants argue, *inter alia*, that Bain should have applied for a variance or pursued relief under state law before filing the instant action.[2]

_____

[2]The defendants cite *Dougherty v. Town of North Hempstead Board of Zoning Appeals,* 282 F.3d 83 (2d Cir. 2002), to support their contention that Bain was required to obtain a variance before proceeding in federal court.  In *Dougherty*, plaintiff brought various constitutional claims following the denial of his building permit application.  However, this case is distinguishable because Bain had applied and been granted a building permit, which was later taken away without due process.  Defendants also cite *Norton v. Town of Islip*, 239 F. Supp. 2d 264 (E.D.N.Y. 2003), for the proposition that due process claims in land use cases require that the plaintiff seek a variance.  In *Norton*, plaintiffs brought a § 1983 action when their Town revoked a certificate of occupancy (analogous to the certificate of compliance here) because their home became a non-conforming use under the local law.  Plaintiffs' motion for summary judgment was granted on procedural due process grounds but not substantive due process grounds because they failed to seek a variance (this may be analogous here).

This contention is without merit.  Accepting the facts as true, pursuant to a Town policy, a validly obtained permit was revoked without due process, resulting in injury to Bain.  While the defendants contend that the permit was granted on erroneous grounds, and therefore may be legally revoked, this has yet to be determined.  Regardless of other available forms of relief, the complaint sufficiently states a justiciable injury.  Accordingly, this issue is ripe for review and defendants' motion to dismiss is denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

   **ORDERED**, that defendants' motion to dismiss (**Dkt. No. 8**) is **DENIED**; and it is further

   **ORDERED** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED**.

August 28, 2006
Albany, New York

United States District Court Judge

---

However, at this juncture, the court concludes that Bain has plead sufficient facts to go forward with her due process claims.